UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AILEEN RAGULEN** | : | **DOCKET NO. 2:22-cv-06106** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH PA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Aileen Ragulen. Doc. 6. The motion is opposed by defendants Alanis Trucking Company LLC, National Union Fire Insurance Company of Pittsburgh, PA, and Jose Nino. Doc. 10. The time for reply has passed, with none being filed. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

Plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, naming as defendants National Union, Alanis Trucking, and Jose Nino. Doc. 1, att. 2, p. 2. Plaintiff claims damages for injuries she allegedly sustained from a vehicular accident that occurred when the vehicle operated by defendant Nino allegedly rolled back and collided with the vehicle in which plaintiff was a guest passenger. *Id.* at p. 3. Plaintiff alleges that defendants Nino and Alanis Trucking, owner of the vehicle defendant Nino was operating, were insured by defendant National Union. *Id.* at p. 5. Plaintiff subsequently amended her state-court petition to add State Farm Mutual

Automobile Insurance Company as an additional defendant. Doc. 6, att. 2. Plaintiff alleges that State Farm provided uninsured/underinsured motorist ("UM") coverage to her. *Id.* at p. 1. She also claims that State Farm "is liable jointly and severally with one or more defendants for all for all [sic] damages sought by" plaintiff. *Id.* at pp. 1–2.

Defendants Nino and Alanis Trucking, with defendant National Union's consent, (all three hereinafter referred to as "Removing Defendants") then removed the instant action to this court. Doc. 1. In their Notice of Removal, Removing Defendants contend that plaintiff's state-court petition was not served on any party as of the date of removal and thus, that removal was timely. Doc. 1, p. 4. They also contend that complete diversity exists between the Removing Defendants and plaintiff and that the amount in controversy exceeds the jurisdictional amount. Doc. 1, p. 2, ¶¶ 2–4. The Notice of Removal makes no mention of defendant State Farm, and the original petition was the only document from the state-court proceedings attached to the Notice of Removal. *See* doc. 1, att. 2.

Plaintiff filed the instant Motion to Remand claiming the addition of State Farm as a defendant in the state-court proceedings destroyed this court's diversity jurisdiction. Doc. 6. Plaintiff contends that her UM policy with State Farm has a coverage limit of $15,000 per person. *Id.*; doc. 6, att. 1, p. 2. She also asserts that State Farm "is severally liable from the Removing Defendants." Doc. 6, att. 1, p. 5. Thus, plaintiff argues, State Farm's liability is limited to $15,000, and thus, the amount in controversy requirement cannot be met as to that defendant. *Id.* This singular jurisdictional argument is the sole issue for which plaintiff seeks remand.

Removing Defendants oppose the motion. Doc. 10. They assert that plaintiff does not contend, to the contrary of their assertion in the Notice of Removal, that damages against the Removing Defendants do not exceed $75,000. *Id.* at p. 1. They also claim that plaintiff added State

Farm as a defendant after the Notice of Removal was filed [*id.* at pp. 1–2] and that this joinder was "an obvious attempt to defeat" this court's jurisdiction. *Id.* at p. 4. Removing Defendants assert that plaintiff's argument that the amount in controversy must exceed the jurisdictional amount for each and every defendant is misplaced, and thus, the motion to remand should be denied. *Id.* at pp. 3–4. Plaintiff filed no reply brief addressing defendant's arguments.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996).

### A. *Diversity of Citizenship*

For diversity purposes, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185 (2010). In a direct action against the insurer of a liability insurance policy to which the insured is not a party, the corporation also assumes the insured's citizenship. 28 U.S.C.

§ 1332(c)(1)(A). A limited liability company's citizenship is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For individuals, "citizenship has the same meaning as domicile." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

Removing Defendants contend, and plaintiff does not dispute, that diversity of citizenship exists between plaintiff and Removing Defendants. Doc. 1, p. 2. Specifically, the parties agree that plaintiff is a Louisiana citizen. *Id.*; doc. 1, att. 2, p. 2. Defendant National Union is a citizen of Pennsylvania, its state of incorporation, and New York, the location of its principal place of business. Doc. 16. Defendant Nino is allegedly a citizen of Texas. Doc. 1, att. 2, p. 2. Defendant Alanis Trucking is also a citizen of Texas, the state of which its members are citizens. Doc. 19. Defendant State Farm is a citizen of Illinois, its state of incorporation and location of its principal place of business.[1] Doc. 21. Plaintiff does not dispute these claims of citizenship. Thus, based on the information currently before the court, the parties are completely diverse.

### B. Amount in Controversy

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, when a lawsuit is removed to federal court on the basis of diversity jurisdiction, "the removing defendant must prove by a preponderance of the evidence

---

[1] In its answer to the petition, State Farm avers that the UM policy in this matter was issued to Darlene Malveaux, not plaintiff. Doc. 20, ¶ 1. This assertion conflicts with plaintiff's representation that State Farm is her UM insurer. Even if Darlene Malveaux (a non-party) is the holder of the UM policy from which plaintiff claims coverage, State Farm does not assume its insured's citizenship because this is not a "direct action" against State Farm and State Farm, as the UM insurer, is not the insurer of a policy of liability insurance. *See Gonzalez v. Government Employees Ins. Grp.*, No. CIV. A. 99-3707, 2000 WL 235236, at *4 (E.D. La. Feb. 28, 2000) ("Because a suit on an uninsured motorist policy does not seek to impose liability on the uninsured motorist carrier for the negligence of its insured, it is not a 'direct action' under § 1332(c)."); *Safranek v. USAA Cas. Ins. Co.*, 525 F. Supp. 3d 707, 728–29 (M.D. La. 2021) (citing cases) (asserting that an uninsured/underinsured motorist policy is not considered a liability insurance policy for purposes of 28 U.S.C. § 1332(c)(1)).

that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (stating same but prior to change of jurisdictional amount in § 1332). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

"The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, however, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed the jurisdictional amount. *See De Aguilar*, 47 F.3d at 1409, 1411.

If a specific amount of damages is necessary to establish, among other things, the federal courts' lack of jurisdiction due to insufficiency of damages, Louisiana law requires the party filing a state-court petition to include a general allegation that the claims exceed or are less than the requisite amount. La. Code Civ. P. art. 893(A)(1). Neither the original petition nor the amended petition includes such an allegation.

Removing Defendants allege in the Notice of Removal that plaintiff's demand for seven separate items of alleged damages is "sufficient to facially demonstrate that the amount in controversy for federal jurisdiction is satisfied." Doc. 1, p. 3 (citing *Gebbia*, 233 F.3d at 883). In *Gebbia*, the Fifth Circuit found it facially apparent from plaintiff's original petition that the claimed damages exceed $75,000 when plaintiff "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and

earning capacity, and permanent disability and disfigurement." 233 F.3d at 883.  Similarly, in the instant matter, plaintiff's original petition and amended petition both claim damages for past, present, and future (1) physical pain and suffering; (2) mental anguish and/or emotional distress; (3) disability and/or impairment; (4) lost wages and/or loss of earning capacity; (5) loss of enjoyment of life; (6) medical expenses; and (7) any and all other damages. Doc. 1, att. 2, p. 4; doc. 6, att. 2, pp. 3–4.  Plaintiff also asserts she suffered "various severe and permanently disabling injuries." Doc. 1, att. 2, p. 3, ¶ 6; doc. 6, att. 2, p. 2, ¶ 6.  Thus, we find it facially apparent that the claimed damages exceed $75,000.

Plaintiff does not deny Removing Defendants' claim that the amount in controversy requirement is met as to those three defendants.  In fact, plaintiff argues only that "the Removing Defendants cannot satisfy their burden of establishing that the amount in controversy with respect to STATE FARM meets the jurisdictional threshold, thereby requiring remand of the entire case to state court." Doc. 6, att. 1, p. 5 (capitalization in original).  Plaintiff also argues that UM and liability carriers are not solidary obligors. *Id.* at p. 3.  Thus, plaintiff asserts that the potential liability of State Farm and the Removing Defendants cannot be aggregated. *Id.*  Plaintiff claims the maximum amount in controversy against State Farm is $15,000, the UM policy limit.

Removing Defendants disagree.  They posit that the amount in controversy requirement is met, at least as to defendants Nino and Alanis, and thus, § 1332 is satisfied without aggregating claims. Doc. 10, pp. 3–4. They also contend that plaintiff's argument is misplaced and that she relies on cases that are factually distinct from the present matter. *Id.* at p. 3.

Generally, the amount in controversy threshold must be met as to a plaintiff's claims against each defendant, not their aggregate. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961).  Claims by a single plaintiff against multiple defendants can be aggregated only

if the defendants are jointly liable to the plaintiff, such as two insurers who separately insured against the same risk. *Id.* "If the defendants are severally or separately liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant." *Costello v. Capital One NA*, No. 07-CV-1937, 2008 WL 1766983, at *2 (W.D. La. Mar. 4, 2008).

In cases "that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotation marks and citation omitted). "'The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance.'" *Lachney v. Yaxley*, No. 20-CV-776, 2021 WL 3832302, at *2 (W.D. La. Aug. 26, 2021) (quoting *Duncan v. USAA*, 950 So. 2d 544, 547 (La. 2006)). Thus, "'[a] solidary obligation between the tortfeasor and the victim's uninsured motorist carrier may arise either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim.'" *Porter v. Loney*, No. 16-100, 2017 WL 9485598, at *5 (M.D. La. May 18, 2017), *report and recommendation adopted*, 2017 WL 2829650 (M.D. La. June 30, 2017) (quoting *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985)).

Here, plaintiff alleges in the amended petition that Removing Defendants and State Farm are jointly and severally liable[2] to her for all damages sought. Doc. 6, att. 2, pp. 1–2, 4–5. However, in her Motion to Remand, plaintiff claims State Farm is severally liable with Removing Defendants. Doc. 6, att. 1, p. 5. Plaintiff does not cite any legal authority applicable to the facts before us to support her new assertion that State Farm is severally liable—not "jointly and

---

[2] In Louisiana, the common law term "joint and several" liability is considered synonymous with the civil law term "solidary liability." *Johnson v. Jones-Journet*, 320 So. 2d 533, 536 (La. 1975); *Armstrong Airport Concessions v. K-Squared Restaurant, LLC*, 178 So. 3d 1094, 1103, n.5 (La. App. 4th Cir. 2015).

severally liable"—with Removing Defendants, nor does she explain why she now adopts a position that is inconsistent with her assertions in the state-court pleadings. The only purpose we see for this change is to thwart this court's subject matter jurisdiction over the case and return the matter to state court.

In light of the caselaw delineated above, we find that, as the UM insurer, State Farm would be solidarily liable with defendant Nino, whose liability is not limited, if there is a judgment against defendant Nino and his liability coverage is less than plaintiff's sustained damages. Because, the defendants, including State Farm, are not severally liable, and as previously established, it is facially apparent that the claimed damages exceed $75,000, the amount in controversy requirement is satisfied. Plaintiff failed to establish to a legal certainty that her damages are less than $75,000.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 6] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 3rd day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE